**UNITED STATES of America,
Plaintiff,**

v.

**Derrick BRANCH, Defendant.**

**No. CRIM. 97–81342.**

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 10, 2002.

Carl Gilmer–Hill, Asst. U.S. Attorney, Detroit, MI, for Plaintiff.

Richard Helfrick, Federal Defender's Office, Detroit, MI, for Defendant.

## OPINION AND ORDER

FEIKENS, District Judge.

Defendant was indicted in February, 1998, charged with being a felon in posses-

sion of a firearm under 18 U.S.C. § 922(g). Following a three-and-one-half year delay between the day of indictment and his arrest, Branch has filed a motion to dismiss the indictment based upon his Sixth Amendment right to a speedy trial. The government opposes the motion because it contends Branch cannot show that actual prejudice resulted from the delay which would impede his ability to present an adequate defense. For reasons discussed below, Branch's motion is granted.

## I. FACTUAL BACKGROUND

Federal agents executed a search warrant for defendant's home on November 4, 1997. After the search, defendant waived his constitutional rights and admitted to possessing a 12–gauge shotgun, a loaded Smith & Wesson .38 caliber revolver, and a .38 caliber Colt Trooper MK III 6–shot revolver. That same day, a federal complaint was issued against defendant, the charge being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He was arraigned and released on bond. On November 24, 1997, the government dismissed the charges against defendant without prejudice, and his unsecured bond was canceled.

On February 12, 1998, a federal grand jury returned a three-count indictment and accompanying arrest warrant against defendant and he was again charged with being a felon in possession of a firearm.

The defendant was unaware of the indictment until his arrest over three years later on September 7, 2001. Neither the Bureau of Alcohol, Tobacco, and Firearms, the U.S. Marshal's Office, nor the U.S. Attorney's Office attempted to contact him or his attorney to ascertain his whereabouts or to inform him that an indictment had been returned by the grand jury. Defendant made no effort to avoid arrest or to hide from authorities prior to his arrest.

## II. DISCUSSION

■ In determining whether the defendant has been denied a speedy trial in violation of the Sixth Amendment, I must balance: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice, if any, to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Put another way, it is necessary to examine whether the delay before trial was uncommonly long; "who is to blame for the delay; whether, in due course, the defendant asserted his right to a speedy trial; and whether he suffered prejudice as the delay's result." *Doggett v. U.S.*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (citations omitted).

■ No single factor is sufficient to establish a Sixth Amendment violation, "[r]ather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533, 92 S.Ct. 2182.

■ When a defendant's constitutional right to a speedy trial has been violated, the only remedy is to dismiss the indictment with prejudice. *Strunk v. U.S.*, 412 U.S. 434, 440, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973), *Barker*, 407 U.S. at 533, 92 S.Ct. 2182.

### 1. Length of Delay

■ Delay is a threshold issue in a Sixth Amendment violation inquiry. "[T]o trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett*, 505 U.S. at 651–52, 112 S.Ct. 2686 (citations omitted). If a delay is not presumptively prejudicial, a defendant's Sixth Amendment right has

not been violated. *U.S. v. Brown,* 169 F.3d 344, 348 (6th Cir.1999) (citations omitted).

■ Delays which exceed one year are presumptively prejudicial, depending on the nature and seriousness of the charges. *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. 2686, *U.S. v. O'Dell,* 247 F.3d 655 (6th Cir.2001) (seven and a half years held prejudicial), *Brown,* 169 F.3d at 349 (five and a half years held prejudicial), *U.S. v. Mundt,* 29 F.3d 233, 235 (6th Cir.1994) (three and a half years held prejudicial). In a case where the defendant was charged with rape and kidnaping, the court held that a 242–day delay was prejudicial. *Norris v. Schotten,* 146 F.3d 314, 327 (6th Cir.1998).

■ Delay is measured from the date of the indictment or the date of arrest, whichever is earlier, to the date of the trial. *Brown,* 169 F.3d at 349 n. 3 (citations omitted).

■ In this case, Branch was charged on February 12, 1998, the date the grand jury approved the indictment. Under *Doggett,* since the delay is greater than one year, Branch has shown a rebuttable presumption of prejudicial delay.

## 2. Reason for the Delay

■ In determining the reasons for delay of trial, the "core task is determining which party shoulders the balance of blameworthiness for this delay." *O'Dell,* 247 F.3d at 667. Since the government has an affirmative constitutional obligation to try the defendant in a timely manner, the burden is on it to explain the cause of the pretrial delay. *U.S. v. Graham,* 128 F.3d 372, 374 (6th Cir.1997) (citations omitted).

> Unintentional delays caused by overcrowded court dockets or understaffed prosecutors are among the factors to be weighed less heavily than intentional delay, calculated to hamper the defense, in determining whether the Sixth Amendment has been violated, but...they must "nevertheless...be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant."

*Strunk,* 412 U.S. at 436, 93 S.Ct. 2260 (citations omitted).

■ Each defendant has "the right to a prompt inquiry into criminal charges...and the duty of the charging authority is to provide a prompt trial." *Dickey v. Florida,* 398 U.S. 30, 37–38, 90 S.Ct. 1564, 1569, 26 L.Ed.2d 26 (1970). The government must exercise reasonable diligence to inform defendants, in a timely manner, that they have been indicted. Such steps may include contacting the defendant's attorney so that the defendant may surrender to the authorities. *Brown,* 169 F.3d at 350. Indirect attempts which cause a case "to languish" are insufficient to rebut a presumption of prejudice. *Id.*

■ In this case, defendant argues that the government must be blamed for the delay since he was not made aware of the indictment until his arrest. (Br. in Support of Def.'s Mot. to Dismiss Indictment for Violation of Def.'s Right to a Speedy Trial at 4) (hereinafter "Defendant's Brief.") Branch asserts the government did not exercise reasonable diligence to contact him. He asserts the government made no attempts to contact either him or his attorney after the indictment was handed down. Branch has had the same attorney (Richard Helfrick) since he was first charged in November of 1997, and the government was aware of this since the appointment of Helfrick as a Federal Defender attorney was a matter of public record. (Tr. Def.'s Mot. to Dismiss, Nov. 19, 2001 at 11.) Yet, the government

did not contact Helfrick to inform him of the indictment.

There is no evidence that Branch attempted to avoid the prosecution authority for three and one-half years. He has lived at two addresses in Detroit during that time, and had social security disability benefit checks directly deposited into his account at a local bank. (Tr. Def.'s Mot. to Dismiss, Nov. 19, 2001 at 6–9.) The government could have used either of these means to contact Branch.

The government, in response, completely fails to assert a persuasive reason which would explain the delay. It concedes that a staffing oversight allowed defendant's case to slip by unnoticed for over three years. (Tr. Def.'s Mot. to Dismiss, Nov. 19, 2001 at 13.) The special agent in charge of Branch's case was reassigned shortly after the indictment was handed down in February, 1998, and no other agent pursued the case. When asked to explain, the prosecutor stated:

> Prosecutor: . . . I believe a couple weeks after the indictment came down, Special Agent Hogan was transferred out of his unit to a different department altogether. I believe it was the HIDA (sp) task force. It was Special Agent Hogan's understanding that his cases left behind would be reassigned.
>
> The Court: Were they?
>
> Prosecutor: They were not.
>
> The Court: Why not?
>
> Prosecutor: That I do not have an answer for.

(Tr. Def.'s Mot. to Dismiss Indictment, Nov. 19, 2001 at 13.) In this case, I conclude that the government's neglect caused the three-and-one-half year delay. Such delay weighs in favor of the dismissal of the indictment.

### 3. Defendant's Assertion of his Right

Where a defendant is unaware of the indictment until the day of his arrest, the failure to assert his right before arrest cannot be held against him. *Doggett*, 505 U.S. at 653–54, 112 S.Ct. 2686, *Mundt*, 29 F.3d at 236. Defendant contends that "[p]rior to his arrest neither Mr. Branch or his attorney were aware of the indictment." (Def.'s Brief at 2.) The government offers no evidence to the contrary. Thus, this factor weighs in the defendant's favor. *Brown*, 169 F.3d at 350.

### 4. Prejudice to the Defendant

When the delay is lengthy and attributable to bad faith by the government, no showing of prejudice is required. *Brown*, 169 F.3d at 344. If the delay is due to negligence by the government, the need to prove prejudice diminishes as the delay increases. *Id.* at 350–51.

However, if it is shown that the government used reasonable diligence to pursue a defendant, the defendant must then show that the delay caused "actual prejudice" to his defense. Actual prejudice is determined by examining whether the defendant has suffered (1) oppressive pretrial incarceration; (2) anxiety and concern; and (3) impairment to his defense. *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, *Brown*, 169 F.3d at 350–351. Since "actual prejudice" is not always easy to demonstrate, it is not always necessary for a defendant to pinpoint with specificity how the delay prejudiced his defense. *Doggett*, 505 U.S. at 648, 112 S.Ct. 2686, *Mundt*, 29 F.3d at 236–37 ("[N]egligence [is not] automatically tolerable simply because the accused cannot demonstrate exactly how it has prejudiced him.").

In this case, the government contends that Branch cannot show actual prej-

udice since he: (1) was not incarcerated prior to his arrest; (2) was unaware of the indictment and thus did not suffer any anxiety or concern; and (3) has not offered any proof of how his ability to maintain a defense was impaired. The government contends that Branch's voluntary waiver and subsequent confession to possession of a firearm in violation of § 922(g) should mitigate his assertions of prejudice.[1]

■■■ The government's analysis, however, is not persuasive as there is no need for the defendant to show actual prejudice in this case. The issue of actual prejudice need only be decided in cases where it is shown that the government used reasonable diligence in its pursuit of the defendant. Since the government negligently failed to exercise reasonable diligence in contacting Branch, the question of actual prejudice need not be reached. Having failed to rebut the presumption of prejudice, the inference stands and weighs against the government.

Given the three-and-one-half years delay in this case, combined with the fact that the delay was attributable to the government's negligence in pursuing Branch, I conclude that the government did not rebut the presumption that its delay did not prejudice Branch's case.

## III. CONCLUSION

After balancing the four *Barker* factors, I find that the indictment against the defendant must be dismissed on the grounds that he has been denied the right to a speedy trial. There is sufficient proof that the three-and-one-half year delay is exces-

sively long, that the government is to blame for the delay, that Branch asserted his right to a speedy trial, and that he suffered prejudice as a result of the delay.

For the aforementioned reasons, Defendant's motion is GRANTED.

**IT IS SO ORDERED.**

---

1. The government also contends that since it complied with the provisions of the Speedy Trial Act, the defendant cannot show cognizable prejudice. The cases cited by the government, however, can be distinguished from the case at bar. In the cases cited by the government, the defendants alleged that the pretrial delay between appearance and trial was in excess of 70 days, a violation of the Speedy Trial Act. In this case, there is no such allegation. Compliance with the Speedy Trial Act does not serve as a defense to the issue of prejudice in this case.